# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 14-58250 |
| | : | |
|     Nick Glassburn | : | Chapter 7 |
| | : | Judge C. Kathryn Preston |
| | : | |
|     Debtor. | : | |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : | |
| | : | |
| Larry J. McClatchey, Trustee | : | |
| 65 East State Street, Suite 1800 | : | Adv. Pro. No. _____ |
| Columbus, Ohio 43215, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| United States of America | : | |
| Department of the Treasury | : | |
| Internal Revenue Service | : | |
| Centralized Insolvency | : | |
| PO Box 7346 | : | |
| Philadelphia, PA 19101-7346 | : | |
| | : | |
| and | : | |
| | : | |
| State of Ohio Department of Taxation | : | |
| Bankruptcy Division | : | |
| PO Box 530 | : | |
| Columbus, Ohio 43216 | : | |
| | : | |
| and | : | |
| | : | |
| American Express Bank FSB | : | |
| c/o Kenneth I. Chenault, Chairman & CEO | : | |
| 4315 South 2700 West | : | |
| Salt Lake City, UT 84184 | : | |
| | : | |
| and | : | |
| | : | |
| Brightstar US, Inc. | : | |
| c/o CT Corporation System, | : | |
| Statutory Agent | : | |
| 1300 East Ninth Street | : | |
| Cleveland, Ohio 44114 | : | |
| | : | |

|  |  |
|---|---|
| and | : |
|  | : |
| Cellco Partnership | : |
| c/o CT Corporation System | : |
| Statutory Agent | : |
| 1300 East Ninth Street | : |
| Cleveland, Ohio 44114 | : |
|  | : |
| and | : |
|  | : |
| Loren Brelsford | : |
| 9590 S. Old State Rd. | : |
| Lewis Center, OH. 43035 | : |
|  | : |
| Defendants. | : |

## OBJECTION TO SECURED CLAIMS
## AND FOR JUDGMENT ALLOWING CLAIMS AS UNSECURED CLAIMS

1. This adversary proceeding arises in and relates to the chapter 7 bankruptcy case which was commenced by a voluntary petition filed by Nick Glassburn ("Debtor"), November 25, 2014 (the "Petition Date").

2. The court has jurisdiction in this matter pursuant to the provisions of 28 U.S.C. §§157 and 1334 and the general order of reference for this district.

3. The within matter is a core proceeding as provided in 28 U.S.C. §157(b). In the event that any aspect of this action is determined to be non-core, Plaintiff consents to entry of final orders and judgments by the bankruptcy judge. Defendants are or may claim to be creditors of Debtor.

4. Plaintiff Larry J. McClatchey, Trustee, is the duly qualified and acting trustee in this case.

5. Each of the Defendants named herein has or may claim an interest in certain proceeds of real property sold by Trustee free of liens, claims and encumbrances.

6. In this action, Trustee seeks a judgment and order determining that none of the Defendants has a secured claim in real property sale proceeds because the net sale proceeds are less

than the amount of secured claims of higher priority, and therefore any claim or interest of each Defendant is allowable as a general, unsecured claim.

## Transactions

### Laver Lane Property

7. By order entered September 8, 2015 [Doc. #101] ("Laver Lane Sale Order") Trustee was authorized to sell a single family residence owned by Debtor that was located at 7135 Laver Lane, Westerville, Ohio 43082. ("Laver Lane Property") free of liens.

8. At the time of sale, the Laver Lane Property was allegedly encumbered by a mortgage to secure approximately $225,000.00 Debtor owed to U.S. Bank NA.

9. The net sum recovered by the estate from the sale of the Laver Lane Property was $209,458.61 ("Laver Lane Proceeds"), see *Amended Report of Sale* filed September 23, 2015 [Doc. #107].

10. Trustee brought an action in this court to avoid the alleged interest of US Bank, see *McClatchey, Trustee vs. US Bank National Association,* United States Bankruptcy Court Southern District of Ohio Eastern Division Adv. Pro. No. 15-02087 ("Avoidance Case").

11. Trustee subsequently settled the Avoidance Case after notice and a hearing, after which the Court dismissed it pursuant to a *Final Judgment Entry Upon Agreement of the Parties* entered February 12, 2016 [Doc. #20].

12. The Final Judgment Entry provided that the lien of U.S. Bank was avoided, but the lien thereof was preserved for the benefit of the estate pursuant to 11 U.S.C. §551.

13. The value of the avoided US Bank Mortgage exceeds the Laver Lane Proceeds.

### Hatherton Place Lot

14. Pursuant to an *Agreed Order Authorizing Sale of Property Free of any Liens, Claims, or Encumbrances* entered April 21, 2015 [Doc. #62] ("Hatherton Lot Sale Order"), Trustee was

authorized to sell the vacant land commonly known at 7804 Hatherton Place, Galena, Ohio 43021 for $99,000.00 ("Hatherton Lot").

15. The net sum recovered by the estate from the sale of the Hatherton Place Lot was $78,099.45 ("Hatherton Lot Proceeds"), see *Trustee's Report of Sale* dated June 5, 2015 [Doc. #77].

16. As of the Petition Date, the Hatherton Lot was encumbered by a judgment lien in favor of Reliance Communications, LLC filed June 29, 2012 to secure the original principal amount of $557,143.00.

17. Reliance filed an objection to *Trustee's Amended Motion for Approval of Proposed Sale of Property Free of Liens* [Doc. #41].

18. Trustee and Reliance Communications subsequently resolved the dispute. The settlement was approved, after notice and a hearing, by the *Order Approving Compromise of Dispute Over Sale Proceeds of Hatherton Place Property* entered October 26, 2015 [Doc. #113].

19. Pursuant to the settlement, Reliance agreed to accept a payment of $37,929.94 from the Hatherton Lot Proceeds and to allow the Trustee to retain the balance for the benefit of the estate.

20. On the Petition Date the Debtor owned no real estate in Delaware County other than the Laver Lane Property and the Hatherton Lot to which any of the liens held by Defendants could have attached.

Determination of Priority of Liens

21. The Laver Lane Sale Order provided that the alleged liens, claims, and/or encumbrances held by any of the Defendants set forth on Exhibit A would be deemed transferred to the Laver Lane Proceeds for subsequent determination of amount, validity, and priority of said interests.

22. The Hatherton Lot Sale Order provided that the liens, claims, and/or encumbrances held by any of the Defendants set forth on Exhibit A would be transferred to the Hatherton Lot Proceeds for subsequent determination of amount, validity, and priority of said interest.

23. The validity and enforceability of each lien, claim or encumbrance listed on Exhibit A has not been determined and need not be determined at this time[1]. For purposes of this action it may be assumed that each lien, claim or encumbrance represents an allowable claim against the Debtor.

24. Under applicable Ohio law, the priority of the alleged liens, claims and encumbrances held by any of the Defendants on the Laver Lane Proceeds and Hatherton Lot Proceeds is determined by the date of perfection of each alleged lien.

25. The alleged lien of each Defendant was perfected on the date listed in the Record Date column on Exhibit A.

26. As of the Petition Date, each lien, claim, or encumbrance held by any Defendant listed on Exhibit A in the Hatherton Lot was inferior in priority to the previously perfected judgment lien of Reliance Communications, LLC.

27. Since the judgment lien of Reliance Communications secures an amount in excess of the Hatherton Lot Proceeds, any lower priority lien or encumbrances is not enforceable against the Hatherton Lot Proceeds and is allowable in this case only as an unsecured claim.

28. As of the Petition Date, each lien, claim, or encumbrance held by any Defendant listed on Exhibit A in the Laver Lane Property was inferior in priority to the previously perfected mortgage of U. S. Bank.

29. Since the avoided mortgage of U.S. Bank secures an amount in excess of the Laver Lane Proceeds, any lower priority lien or encumbrances held by a Defendant listed on Exhibit A is not enforceable against the Laver Lane Proceeds and is allowable only as an unsecured claim.

---

[1] The liens of U.S. Bank and Reliance Communications were resolved through the settlements described herein. The lien of Genoa Farms Homeowners Association was a priority lien on Hatherton Lot and paid in full at closing.

WHEREFORE, Plaintiff Trustee is entitled to an order and judgment requiring each Defendant to appear and set forth the amount and relative priority of the liens, claims and encumbrances listed on Exhibit A; for final judgment determining that any of the lien, claim or encumbrances listed on Exhibit A is not payable from either the Laver Lane Proceeds or the Hatherton Lot Proceeds; that any liens, claims or encumbrances and any and all claims filed by each of said Defendants are allowable only as general unsecured claims against the estate; and for such other and further relief to which Plaintiff may be entitled.

/s/Larry J. McClatchey
Larry J. McClatchey   (0012191)
Stephanie P. Union   (0071092)
KEGLER BROWN HILL + RITTER
65 East State Street, Suite 1800
Columbus, Ohio 43215
(614) 462-5400
Fax:  (614) 464-2634
lmcclatchey@keglerbrown.com
sunion@keglerbrown.com
*Trustee and Attorneys for Trustee*

## EXHIBIT A

**Mortgages and Liens**
**Laver Lane Property, Hatherton Lot**
**Delaware County, Ohio**

| RECORD DATE | CLAIMANT | DELAWARE COUNTY RECORDERS OFFICE INSTRUMENT NUMBER | ORIGINAL PRINCIPAL AMOUNT |
|---|---|---|---|
| 02/01/06 | US Bank, NA, assignee of Mortgage Electronic Registration Systems, Inc. | 200600003788; Vol.685, p. 79; Vol.1229, p. 2771; Vol. 1238, p. 2309 | $225,000.00[2] |
| 03/02/2006 | United States of America Internal Revenue Service | Official Record Volume 691, Page 771 | $9,216.08[3] |
| 06/29/2012 | Reliance Communications, LLC | 12CJ56028 | $557,143.00 |
| 08/20/2012 | State of Ohio Department of Taxation | Certificate of Judgment Case No.: 2012TL00918 | $63,111.12 |
| 10/12/2012 | United States of America Internal Revenue Service | Official Record Volume 1160, Page 1343 | $7,012.99 |
| 10/12/2012 | United States of America Internal Revenue Service | Official Record Volume 1160, Page 1344 | $434,571.70 |
| 10/16/12 | Genoa Farms Homeowners Association | Official Record Vol. 1161, p. 843 | $373.00[4] |
| 04/30/2013 | American Express Bank FSB | Certificate of Judgment Case No.: 13CJ57435 | $513,022.69 |
| 05/07/2013 | Brightstar US Inc. | Certificate of Judgment Case No.: 13CJ57439 | $618,344.19 |
| 06/28/2013 | American Express Bank FSB | Certificate of Judgment Case No.: 13CJ58115 | $58,573.90 |
| 07/09/2013 | Talmer Bank, assignee of First Place Bank | Pending Case No. 13-CVE 07 0605, Delaware County court of Common Pleas | $879,446.75[5] |
| 09/19/2013 | Cellco Partnership | Certificate of Judgment Case No.: 13CJ58281 | $229,000.00 |
| 10/22/2013 | Loren Brelsford | Agreed Judgment Entry Case No.: 12CVH-11-1339 (no Certificate of Judgment of record) | $55,100.00 |

---

[2] Mortgage interest only in Laver Lane. Lien preserved for benefit of estate. No lien against Hatherton Lot
[3] IRS has confirmed that this lien applies to Nicholas D. Glassburn, not Nicholas Charles Glassburn, the Debtor.
[4] Home Owners Association claim was paid in full at closing of sale of Hatherton Lot
[5] Interest only in property at 7848 Hatherton Place, Debtor's residence, which was abandoned by Trustee.